UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

V.                                                              CRIMINAL ACTION NO.
                                                                        3:02CR14- J
DAVID W. MASON

## MEMORANDUM OPINION

This case presents David Mason's claim pursuant to 28 U.S.C. Sec. 2255 to vacate, set aside or correct the 41 month sentence imposed after he entered a plea of guilty to one count of coercion or enticement of a minor. After considering the arguments of the parties, the materials of record and the applicable authorities, the Court is of the opinion that his petition should be denied.

Mr. Mason corresponded over the internet with someone he believed to be a fourteen year old girl, but who was, in fact, an FBI agent. The internet discussions concerned sex, and Mr. Mason made arrangements to meet "Jen" at a mall. Mr. Mason was arrested when he appeared at the designated meeting place. At the change of plea hearing, Mr. Mason first indicated that he was pleading guilty "under duress." June 10, 2002 Transcript at 8. Accordingly, the Court again reviewed his rights in an effort to ascertain whether he wished to voluntarily give up those rights. Thereafter, the defendant stated that he retracted the "duress" comment, adding "I think I might have used the wrong word." Tr. 12. After further discussion, the defendant clearly declared that he wanted to enter a plea of guilty, because "I am guilty." Tr. 13.

Mr. Mason did not file an appeal. It is well-settled that a Section 2255 motion may not be used as a substitute for a direct criminal appeal, and if a federal prisoner seeks collateral review of issues not raised on direct appeal, he must first show cause to excuse his failure to do so as well as actual prejudice resulting from the alleged violations. Reed v. Farley, 512 U.S. 339, 114 S.Ct. 2291 (1994); United States v. Walsh, 733 F.2d 31 (6th Cir. 1984). Thus, to succeed on a Section 2255 motion, the defendant must identify a fundamental defect that resulted in actual prejudice, and has not been litigated on direct appeal, and for which there exists good cause for failure to raise the matter on direct appeal.

The exception to this rule is a claim of ineffective assistance of counsel, which is more properly reviewed in a Section 2255 proceeding. United States v. Tucker, 90 F.3d 1135, 1143 (6th Cir. 1996), Ciak v. United States, 59 F.3d 296 (2d Cir. 1995). Mr. Mason contends that this case falls within this exception. It is undisputed that at the time of imposition of sentence, the Court advised Mr. Mason of his right to appeal by filing notice within ten days. However, Mr. Mason states that he did not appeal because his lawyer "erroneously" told him that if he lost the appeal, he could receive an even longer sentence.

To establish ineffective assistance of counsel, a petitioner has the burden of demonstrating two components: First, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and second, petitioner must show that the deficient performance prejudiced the defense, i.e., caused defendant to be deprived of a "fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove prejudice, petitioner must show a reasonable probability that absent counsel errors, the results of the proceedings would have been

different. Lynott v. Story, 929 F.2d 228 (6th Cir. 1991). The same standard applies in cases of guilty pleas, where the test for the second component is whether, absent the deficient attorney performance, the defendant would have made a different decision about entering a plea of guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The advice that an unsuccessful appeal could lead to a higher sentence, however unsettling it might have been, was not "erroneous" in any sense. In the calculation of sentence, Mr. Mason received the benefit of the "acceptance of responsibility" provisions of the Sentencing Guidelines. As a result of statements Mr. Mason made at his sentencing hearing, however, the United States contended that he was not entitled to the benefit of "acceptance of responsibility." October 8, 2002 Transcript at 78. While the Court rejected the government's argument, it is entirely conceivable – and, in the experience of the Court, likely – that an appeal by the defendant would have triggered a cross-appeal on this issue. It is not possible to know what would have been the outcome of such a scenario, but an attorney would be remiss in failing to advise his client of the possibility of losing such a cross-appeal, with the result that the Sentencing Guidelines would call for a higher sentence. Thus, while Mr. Mason may have decided not to take the risk of appeal, that decision was based on accurate advice, not on erroneous advice.

Neither can Mr. Mason show the other prong of the "ineffective assistance test." He now says that but for being "frightened" about the prospect of an appeal, he would have pursued two claims. First, he states that he would have challenged "electronic surveillance." However, in this case, there was no "electronic surveillance." Rather, the investigation proceeded from Mr. Mason's voluntary participation in internet "chat," and the evidence against him would have

3

been primarily the transcripts of those online conversations.

Mr. Mason states that if he had not been deterred from appealing, he would have challenged this Court's determination that defendant intended to engage in sexual relations with the "fourteen year old." The Court made this factual determination on the basis of the evidence presented at the sentencing hearing, including the online conversations as well as the testimony of Mr. Mason himself and that of a cellmate. By way of a motion to amend pleadings, Mr. Mason contends that the Court had no authority to make that determination because of the case of Blakely v. Washington , 124 S. Ct. 2531 (2004). It is true that Blakely gave rise to some confusion. Some courts, including this one, were of the opinion that the Blakely applied to the United States Sentencing Guidelines, while others, including the Court of Appeals for the Sixth Circuit, held a contrary opinion. In United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court applied Blakely to the United States Sentencing Guidelines, and ruled that they were advisory only. The outstanding question was whether Blakely and Booker would be retroactively applicable to Mr. Peck's 2001 sentencing. In Humphress v. United States, 398 F.3d 855 (6th cir. 2005), the Sixth Circuit ruled that Booker does not apply collaterally to a federal defendant whose convictions were final at the time of its pronouncement. As Mr. Mason's conviction was final long before either Blakely and Booker, Booker does not apply to his case.

An order in conformity has this day entered.